1  Jeffrey W. Shields, Esq. CA SBN #109920
   Rick A. Varner, Esq. CA SBN #160403
2  SHIELDS LAW OFFICES
   1920 Main Street, Suite 1160
3  Irvine, California 92614
   Telephone: (949) 724-7900
4  Facsimile: (949) 724-7905
5  Email:  jeff@shieldslawoffices.com

6  Steven S. Biss, Esq.
   (Virginia State Bar No. 32972)
7  300 West Main Street, Suite 102
   Charlottesville, Virginia 22903
8  Telephone: (804) 501-8272
   Facsimile: (202) 318-4098
9  Email:  stevenbiss@earthlink.net
10 (Application for Admission Pro Hac Vice
   To be Filed)
11
   Attorneys for Plaintiff
12 CHAD BURMEISTER

13
                IN THE UNITED STATES DISTRICT COURT
14
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17 CHAD BURMEISTER,                │ Case No.  3:22-cv-00088

18              Plaintiff,         │ COMPLAINT FOR:

19 vs.                            │ 1.   LIBEL;

20                               │ 2.   TRADE LIBEL; AND

21 ALAN SALDICH, an individual,   │ 3.   FALSE LIGHT INVASION OF
   and CORELIGHT, INC., a Delaware │      PRIVACY
22 corporation,

23              Defendants.       │

24                               │ DEMAND FOR JURY TRIAL

25

26

27      Plaintiff  CHAD  BURMEISTER  ("Plaintiff"  or  "Burmeister"),

28 by  his  undersigned  counsel,  files  the  following  Complaint

                            **COMPLAINT**

against defendants ALAN SALDICH ("Saldich") and CORELIGHT, INC. ("Corelight"), jointly and severally (hereinafter, Saldich and Corelight sometimes collectively referred to as "Defendants").

Burmeister seeks general damages, actual damages and punitive damages in the sum of $5,000,000.00, plus prejudgment interest and costs incurred – arising out of Defendants' defamation and false light invasion of privacy.

## I.   SUMMARY OF THE ACTION

1.   This is an action for defamation.   Burmeister is a husband, father and business man.   He suffered substantial injury to his reputation after Defendants published and republished scandalous accusations falsely stating that Burmeister participated in the January 6, 2021 "seditious takeover" of the United States Capitol.   Defendants' false statements exposed Burmeister to public scorn, ridicule and contempt.   Defendants falsely attributed to Burmeister actions which he never took and statements which he never made. Defendants falsely imputed to Burmeister the commission of Federal crimes and other wrongdoing that severely prejudiced Burmeister in his employment and profession, lowered him in the estimation of the community, and deterred third persons from associating or dealing with him.

2.   Burmeister brings this action to clear his name and recover damages for the injuries inflicted upon him by Defendants.

## II.   JURISDICTION

3.   The United States District Court for the Northern District of California has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. § 1332 (Diversity) inasmuch as: (a) Plaintiff is an individual who is a citizen of Colorado; (b) Saldich is an individual who is a citizen of California; and (c) Corelight is a corporation organized under the laws of the State of Delaware with its principal place of business located in California.   The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.   Defendants are resident in California and are each subject to general personal jurisdiction in California.

## III.   VENUE

5.   Venue is proper in this Court pursuant to Title 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## IV.   INTRADISTRICT ASSIGNMENT

6.   Pursuant to Civil Local Rule 3-2(c), this action should be assigned to the San Francisco Division inasmuch as it is alleged on information and belief that a substantial part of the events or omissions which give rise to the claims set forth in this Complaint occurred in San Francisco County.

## V.   PARTIES

7.   Burmeister is a private individual and a citizen of Colorado.   He is married with two children.   Burmeister is a successful businessman.   In 2017, he founded ScaleX.ai, a

company that delivers artificial intelligence and automation services to companies looking to augment their sales teams and increase sales pipelines. Burmeister was voted by the American Association of Inside Sales Professionals as a Top 25 Inside Sales Leader for 10 years in a row. He was a former leader of sales teams at multiple companies including: Cisco-WebEx, Riverbed Technology, ON24, RingCentral, and ConnectAndSell. Burmeister graduated from Loyola Marymount University with an MS in Computer Information Sciences. [https://www.scalex.ai/team-members/chad-burmeister].

Burmeister first met Saldich when Burmeister was a Sales Director at Riverbed Technology. Saldich called Burmeister over the years to get advice on sales.

8.   Saldich is a citizen of California, and describes himself as a "semi-retired CMO". At all times relevant to the events which are the subject of this action, Saldich was Chief Marketing Officer ("CMO") of Corelight. [https://www.linkedin.com/in/alansaldich?trk=public post share-update actor-text].

9.   Corelight is a California corporation, headquartered in San Francisco. [https://corelight.com/]. Corelight claims to specialize in computer and network security. Corelight represents that its network detection and response technology "helps defend some of the world's most sensitive, mission-critical organizations." As part of the business of Corelight,

Saldich operated multiple social media properties, including accounts on LinkedIn and Twitter.  Corelight knew and approved of Saldich's use of social media.  Saldich used LinkedIn to market and solicit business for Corelight and to communicate with Corelight representatives and customers, as well as numerous third persons in the LinkedIn business world.  At the time of the defamation at issue in this case, Saldich had an extensive following on LinkedIn, including over 100 connections that he shared with Burmeister.

## VI.   FACTUAL ALLEGATIONS

### A.   *Publication Of False And Defamatory Statements*

10.   On January 7, 2021, Saldich published the following post to his followers on LinkedIn, and specifically did so in his stated capacity as CMO of Corelight:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



**Alan Saldich**
CMO at Corelight, Inc

**View full profile**



Alan Saldich • 3rd+
CMO at Corelight, Inc
3mo • Edited • 🌐

Normally I stay away from political commentary on LinkedIn, but today I'd like to highlight the actions of a former colleague, Chad Burmeister https://lnkd.in/gkxjPRe from Littleton, CO who participated in the seditious takeover of the capitol on Wednesday. I have severed my connection with him here, and encourage all who are connected with him to do the same.
It's disgraceful.
If you want to watch the video, it's part of this:
**https://lnkd.in/gqpz-Pk**



🌐 🌐 🌐 286 · 100 comments

Reactions



👍 Like   💬 Comment   ↪ Share   ✈ Send




Add a comment...                    ☺  🖼

24   11.   On his LinkedIn account, Saldich expressly advertised
25 and promoted the business of Corelight.   The post at issue in
26 this action was published by Saldich in his capacity as CMO of
27 Corelight.   Plaintiff alleges on information and belief that
28

such post was made by Saldich as CMO of Corelight during normal work hours, from Corelight's place of employment, and using computers that belonged to Corelight. Corelight is liable for Saldich's defamation and wrongdoing under the doctrine of *respondeat superior*.

12. Among those who saw Saldich's LinkedIn post were customers of ScaleX.ai, customers of Corelight, officers and directors of Corelight, and colleagues of Burmeister in sales in Colorado and elsewhere.

13. Hundreds of LinkedIn professionals read and commented on Saldich's post about Burmeister. The comments were almost universally negative, *e.g.*:

 **Alan Rosenberg**                              **12mo** •••
Scary stuff you made the right
decision
        Like    Reply

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Michael Odusami, CISSP**          12mo  • • •

Thanks Alan, for bringing this to everyone's notice. We both worked at the same organization in the past. I'm severing my connection with him. We all have a right to protest peacefully but not the right to terrorize others whose views we oppose or attack the Seat of our democracy – it's called sedition the last time I checked.

Like     Reply  |  15 Likes

**Michelle Helling**          12mo  • • •

Thanks for Sharing, Alan. My gut told me never to trust that guy. My gut was right. Also severing my connection and encourage everyone else to do the same.

Like     Reply  |  16 Likes

14.   Alex   Kriney   ("Kriney")   was   a   close   friend   and colleague of Burmeister, and a customer of ScaleX.ai.   Kriney invested $100,000 with ScaleX.ai at his company Egnyte.   In

1 response to Saldich's post, Kriney published the following

2 comment:

3



**Alex Kriney · 1st**                                    11mo ···
Vice President, Demand Generation and Field Marketing at ...

Respect is exactly the opposite of what to do with racist
would-be destroyers of our beloved democracy. They should
be ostracized and excised unless they contritely apologize
and beg forgiveness.

The Coup Klutz Klan deserves no respect

Like · 🔵💬 15 | **Reply**

12

13 As a direct result of Saldich's post, Kriney cancelled a

14 $250,000 order that was in process with ScaleX.ai and never

15 again returned Burmeister's calls.

16     15.  The statements in Saldich's LinkedIn post are

17 materially false.  Burmeister did not participate in the

18 seditious takeover of the United States Capitol on January 6,

19 2021.  Burmeister did not ever enter the Capitol building.

20     16.  Burmeister did not engage in "actions" participating

21 in the seditious takeover of the Capitol and was never

22 investigated by any law enforcement agency, including the FBI,

23 for any such "actions" that he allegedly took on January 6,

24 2021.  Saldich's statements are materially false.

25

26

27

28

**B.**    *Saldich And Corelight Also Republished Other False And*

*Defamatory Statements*

17.    As part of his LinkedIn post, Saldich also promoted and invited his followers to watch a segment of *Next with Kyle Clark* ("*Next*"), and Saldich republished a hyperlink to the video.    The hyperlink leads to an article containing a video segment published by Kyle Clark ("Clark") and Tegna, Inc. ("Tegna").    The article contains Burmeister's image on the face of the video link beneath a written caption stating "Coloradan who claims to storm the [Capitol] building heads home".

18.    The statement is materially false because at no time did Burmeister ever claim to have stormed the Capitol building, nor did he ever do so.    Further, in the video, Clark and Tegna also published the following statements/images about Burmeister:

●    On January 6, 2021, Burmeister "bragged about the storming of the US Capitol" and posted the following message on Facebookaboutthe "first guy to storm the capitol today":

1
2
3
4
5
6
7
8
9



10
11    ● "This morning [January 7, 2021], he [Burmeister]
12    changed the caption to read" "Peaceful march to the capital
13    [sic]";

14    ● "Burmeister emailed to say, once again, that he does
15    not believe he broke any laws".

16    [https://www.9news.com/article/news/local/next/colorado-
17    lawmaker-conspiracy-theory-antifa-capitol-trump-supporter-
18    republican-baisley/73-d6098e31-72f4-46c8-8113-915e32d20e4a]
19

20    19.   Clark and Tegna's statements are materially false.
21    Burmeister never claimed that he "stormed the [Capitol]
22    building".   Clark and Tegna made that up.   Burmeister never
23    told Clark and never posted that _he_ was the "first guy to storm
24    the capital [sic]" on January 6, 2021.   Rather, Burmeister
25    merely posted a photo of himself with another individual.   That
26    other individual clearly signaled "first" or "#1" with his hand
27    and finger.   That other individual claimed to be the "first guy

28

to storm the capital". Clark and Tegna intentionally took the words out of context and used them to convey a false representation of fact about Burmeister, and falsely captioned the segment about Burmeister as supposedly being the "Coloradan who claims to storm the [Capitol] building heads home". Further, by representing that Burmeister "changed the caption" of a post, and by highlighting the alleged change for viewers, Clark and Tegna implied and insinuated that Burmeister was duplicitous and guilty and was covering his tracks. Clark and Tegna's statements were (and are, since the segment remains posted on their website) likely to cause reasonable readers to think significantly less favorably of Burmeister than they would if they knew the truth.

20. Viewed in context and as a whole, the defamatory gist and implication of Clark and Tegna's statements is that Burmeister was part of the "insurrectionist mob" that stormed the United States Capitol on January 6, 2021. The statements imply that Burmeister committed sedition, insurrection, and other Federal and State crimes, and that he is dishonest, deceptive, deceitful, traitorous and lacks integrity. Through a careful choice of words, Clark and Tegna juxtaposed a series of statements so as to imply a defamatory connection between them. Clark and Tegna also created a defamatory implication by omitting facts.

21.   Clark   and   Tegna's   Statements   were   instantly understood to convey a defamatory meaning, e.g.:

https://twitter.com/MountainsStars/status/1359965186543681538
("The Colorado CEO who posted he was the first to storm the Capitol got multiple rounds of bailout money.  As far as I know, he hasn't been arrested yet");

https://twitter.com/MountainsStars/status/1347618480548286465
("How many of those storming the Capitol got taxpayer-funded bailout $$, like  Coloradan Chad Burmeister's ScaleX?");

https://twitter.com/espeyraunza/status/1347377673501368321
(Burmeister was "lying about what he did at the capitol");

https://twitter.com/nickatech/status/1347379505380417536
("Hopefully  you  referred  through  the  link  FBI  posted @KyleClark");

https://twitter.com/ScratchCatering/status/1347381446076485632
("I heard the FBI is seeking leads on who these terrorists were!  Oh, Hey @FBI here you go!");

https://twitter.com/CRobertBuchanan/status/1347368476051050497
("Hey  @Infusionsoft  you  might  want  to  rethink  doing business with this guy");

https://twitter.com/InstanaHQ/status/1347612392205602817
("We   do   not   have   a   working   relationship   with   Chad Burmeister or ScaleX, and have requested for any reference to Instana be removed from their website.  We denounce terrorism of any kind, all forms of violence as well as enticing others to violence");

https://twitter.com/WesleyDavis/status/1347383346209443840
("Gotta   wonder   how   all   these   professionals   on   his company's page are going to feel about supporting domestic terrorism … #DomesticTerrorist");

https://www.linkedin.com/posts/samschooley kyle-clark-on-twitter-activity-6753396403533438977-TYF5/
("Shameful.   Working   with   Scale-X   means   supporting terrorists.   LinkedIn you need to deplatform these terrorists. I call on my entire network and community to boycott Chad and

1  Scale-X and call on LinkedIn to ban him from this platform.
   Thank you KUSA-TV, 9NEWS and [@KyleClark] for breaking this
2  story.       #terrorism       #AttackontheCapitol       #boycott
   #BoycottScaleZ");

3

4  https://www.linkedin.com/feed/update/urn%3Ali%3Aactivity%3
   A6753382654877425664/?actorCompanyId=27109395
5  ("I was shocked this morning to learn that Chad Burmeister
   (founder/CEO of ScaleX.ai) … was one of the thousands of
6  domestic terrorists who gleefully stormed the US Capitol
   building on January 6.  He was actually SO proud of his act of
7  sedition and betrayal of his country, that he posted it on
   LinkedIn! … To all who have met Chad, or clients of ScaleX.ai,
8  I would urge you to consider this: why on earth would you trust
   a man with your business, when you can't even trust him to not
9  participate in a violent coup against our government?").

10     22.  Saldich and Corelight republished Clark and Tegna's

11 false and defamatory statements to a new audience: Saldich and

12 Corelight's LinkedIn business connections.  Plaintiff alleges

13 on information and belief that Saldich and Corelight did

14 nothing to verify the accuracy of Clark and Tegna's defamatory

15 statements, but, instead, recklessly encouraged their LinkedIn

16 audience to view same.

17

18     23.  It has long been stated that "[t]alebearers are as

19 bad as talemakers". *Harris v. Minvielle*, 19 So. 935, 928 (La.

20 Ct. App. 1896); *see id. Liberty Lobby, Inc. v. Dow Jones & Co.,

21 Inc.*, 838 F.2d 1287, 1298-1299 (D.C. Cir. 1988) ("The common

22 law of libel has long held that one who republishes a

23 defamatory statement 'adopts' it as his own, and is liable in

24 equal measure to the original defamer") (citing W. Keeton, D.

25 Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of

26 Torts* 799 (5th ed. 1984) ("Every repetition of the defamation is

27

28

1  a publication in itself, even though the repeater states the

2  source ... or makes clear that he himself does not believe the

3  imputation.") (footnotes omitted), *cert. denied*, 488 U.S. 825

4  (1988).

5      24.  Saldich and Corelight engaged in their publication

6  and republication of defamatory statements about Burmeister

7  with the open and avowed intention of harming and injuring

8  Burmeister, and this constituted actual malice.  Indeed,

9  Saldich's post on LinkedIn expressly stated this wrongful

10  intention as follows: "I have severed my connection with him

11  here, and encourage all who are connected with him to do the

12  same" [emphasis added].

13      25.  Burmeister suffered actual injury and special damages

14  as a result of Saldich and Corelight' defamatory publication on

15  LinkedIn, together with their republication of the defamatory

16  segment by Clark and Tegna, including insult, embarrassment,

17  humiliation, mental anguish and suffering, pain, injury to

18  personal and professional reputation, diminution in the value

19  of Burmeister's shares of ScaleX.ai, loss of speaking and other

20  engagements, costs incurred to repair and defend his

21  reputation, loss of business and income, career damage, loss of

22  opportunity to advance, impaired and diminished earning

23  capacity and loss of future earnings.  Burmeister and his

24  family have been repeatedly threatened.  Anonymous callers have

25  threatened Burmeister's life and hoped he would be sodomized in

jail.   One caller stated that a "hit" had been put out on Burmeister.   Burmeister reached out to the FBI to see if they had a need to speak with him.   The FBI told Burmeister's attorney that they did not need to speak with Burmeister. Burmeister continues to suffer from extreme anxiety, sleeplessness, loss of self-esteem, fear of being unable to provide for and protect his family, fear of what colleagues and members of the community think of him, and fear that some crazy person will appear at his doorstep with a gun.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for Libel)

### (Cal. Civ. Code §§ 45 & 45a)

26.   Burmeister restates paragraphs 1 through 25 of this Complaint, and incorporates them herein by reference.

27.   Defamation is an injury to reputation caused by libel.   Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes a person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.   A libel which is defamatory of the plaintiff without the necessity of explanatory matter is said to be libel on its face.

28.   Saldich and Corelight made, published and republished numerous false statements of and concerning Burmeister,

including Clark and Tegna's statements as detailed above. Saldich and Corelight published the false statements in San Francisco, California, and elsewhere without privilege of any kind.

29. Saldich and Corelight's statements constitute libel on its face. The statements are material and falsely accuse and impute to Burmeister one or more Federal crimes and criminal offenses, including sedition. The statements expressly identified Burmeister and were reasonably understood by third persons to mean that Burmeister had committed one or more crimes, including sedition. The statements are harmful and incompatible with Burmeister's business as a technology executive and also prejudice Burmeister in his profession and employment as the CEO of a business.

30. By publishing the statements to Saldich's followers on LinkedIn, Saldich and Corelight knew or reasonably should have known that the statements would be understood by third parties to accuse Burmeister of criminal conduct and would be republished by third parties to Burmeister's detriment. Republication by Saldich's followers and users of LinkedIn was the natural and probable consequence of Saldich and Corelight's actions and was actually and/or presumptively intended and authorized by Saldich and Corelight. In addition to Saldich and Corelight's original publication, Saldich and Corelight are liable for the third party republications of the false and

1  defamatory statements under the republication rule.

2      31.  Plaintiff  alleges  on  information  and  belief  that
3  Saldich and Corelight lacked reasonable grounds for any actual
4  belief in the truth of their defamatory statements, failed to
5  conduct  a  reasonable  and  adequate  investigation  prior  to
6  publication and republication of the defamatory statements, and
7  acted  negligently  in  failing  to  use  reasonable  care  to  fully
8  determine the true facts.
9

10      32.  Plaintiff  alleges  on  information  and  belief  that
11  Saldich  and  Corelight  published  the  statements  with  actual
12  malice.  Saldich  made  up  his  statements  about  Burmeister's
13  supposed "actions" "participat[ing] in the seditious takeover
14  of  the  capitol".  Saldich  and  Corelight  blindly  republished
15  Clark and Tegna's defamatory statements.  At the time of the
16  republications, Saldich and Corelight did not know whether such
17  statements were true or false.  Saldich and Corelight made it
18  appear to their LinkedIn followers as if Burmeister was a leper
19
20  to be avoided at all costs.  Saldich and Corelight did not have
21  one  shred  of  evidence  to  support  their  false  statement  that
22  Burmeister  participated  in  the  seditious  takeover  of  the
23  Capitol building or that he committed any crimes on January 6,
24  2021  or  any  other  day.  Saldich  and  Corelight  acted  with
25  reckless disregard of the truth or falsity of the statements.
26  They had no basis for their false statements about Burmeister.
27
28  Any  investigation  they  conducted  was  grossly  inadequate.

Saldich and Corelight seized upon the hysteria surrounding January 6 to market a false narrative about Burmeister to intentionally harm him and to specifically injure his reputation in sales. As an experienced marketing expert, Saldich was keenly aware that the events of January 6, 2021 were emotionally and politically super-charged, and that his defamatory statements, such as use of the term "seditious" with its obvious pejorative connotation, when viewed in the context of an "insurrection" and invasion of our nation's Capitol, had an instantaneous opprobrious connotation, especially when published on LinkedIn.

33. As a direct and proximate result of Saldich and Corelight's defamatory conduct, Burmeister has suffered presumed damages, actual damages and special damages, including, but not limited to, insult, pain, embarrassment, humiliation, mental suffering, injury to his reputation, loss of business and income, career damage and lost future earnings, other out-of-pocket expenses and costs, in a sum to be determined by the trier of fact, but not less than $5,000,000.00.

34. Plaintiff further alleges on information and belief that, in engaging in the wrongful acts alleged above, Defendants acted in bad faith, in a reckless, knowing, willful, malicious, oppressive and fraudulent manner, and with the intent and purpose of harming Burmeister's reputation, rights

1  and business interests.  By reason thereof, Burmeister is
2  entitled to recover punitive and exemplary against Saldich and
3  Corelight in a sum determined by the trier of fact.

4  ## SECOND CLAIM FOR RELIEF

5  ## (Against All Defendants for Trade Libel)

6  35.  Burmeister restates paragraphs 1 through 34 of this
7  Complaint, and incorporates them herein by reference.
8
9  36.  The false and defamatory statements published and
10  republished by Saldich and Corelight as set forth above were
11  made by them with the direct intention of harming Burmeister's
12  business, trade and occupation, and with the understanding and
13  intent that such false written statements would be clearly and
14  necessarily understood by other persons to disparage
15  Burmeister's business, trade and occupation because they
16  falsely accused Burmeister of criminal conduct and/or character
17  and qualifications unfit for his business.  Indeed, Saldich's
18  post on LinkedIn expressly stated this wrongful intention as
19  follows: "I have severed my connection with him here, and
20  encourage all who are connected with him to do the same"
21  [emphasis added].

23  37.  Plaintiff alleges on information and belief that, at
24  the time when Defendants published and republished such
25  defamatory statements, Defendants knew such statements to be
26  false and/or acted with reckless disregard for the truth or
27  falsity of such statements, and therefore, did not make such

defamatory statements with any reasonable belief that such statements were true or after any reasonable care to determine the truth or falsity of such statements.

38.   Defendants knew or reasonably should have recognized that third persons to whom they published and republished their defamatory statements might act in reliance on those defamatory statements.   Burmeister suffered actual financial and other harms because third persons did, in fact, act in reliance on the defamatory statements published and republished by Defendants, including without limitation, Kriney's cancellation of the $250,000 order that was in process with ScaleX.ai as set forth above.

39.   As a direct and proximate result of Saldich and Corelight's defamatory conduct, Burmeister has suffered direct financial harm because third persons acted in reliance on Defendants' defamatory statements, in a sum to be determined by the trier of fact, but not less than $5,000,000.00.

40.   Plaintiff further alleges on information and belief that, in engaging in the wrongful acts alleged above, Defendants acted in bad faith, in a reckless, knowing, willful, malicious, oppressive and fraudulent manner, and with the intent and purpose of harming Burmeister's reputation, rights and business interests.   By reason thereof, Burmeister is entitled to recover punitive and exemplary against Saldich and Corelight in a sum determined by the trier of fact,

1

## THIRD CLAIM FOR RELIEF

2

### (Against All Defendants for False Light Invasion of Privacy)

3      41.   Burmeister restates paragraphs 1 through 40 of this

4   Complaint, and incorporates them herein by reference.

5      42.   By publishing and republishing the false defamatory

6   statements on LinkedIn, where they were accessible by millions

7   of users including Corelight's clients and followers, Saldich

8   and  Corelight  generated  substantial  publicity  and  publicly

9

10   disclosed false material concerning Burmeister.   Specifically,

11   Saldich   and   Corelight   portrayed   Burmeister   as   being   a

12   seditionist  who  participated  in  the  invasion  of  the  United

13   States   Capitol,   and   such   defamatory   statements   placed

14   Burmeister in a false light that would be highly offensive to

15   any reasonable person in Burmeister's position.

16

17      43.   Plaintiff  alleges  on  information  and  belief  that

18   Saldich  and  Corelight  had  knowledge  that  their  defamatory

19   statements would create a false impression about Burmeister or

20   acted in reckless disregard as to the falsity of the publicized

21   matter and the false light in which Burmeister would be placed

22   by the false statements.

23      44.   Saldich  and  Corelight's  actions  constitute  a  false

24   light invasion of Burmeister's privacy under California law.

25

26      45.   Defendants knew or reasonably should have recognized

27   that third persons to whom they published and republished their

28   defamatory statements might act in reliance on those defamatory

statements.    Burmeister suffered actual financial and other harms because third persons did, in fact, act in reliance on the defamatory statements published and republished by Defendants, including without limitation, Kriney's cancellation of the $250,000 order that was in process with ScaleX.ai as set forth above.

46.    As a direct and proximate result of Saldich and Corelight's false light invasion of privacy, Burmeister suffered presumed damages, actual damages and special damages, including, but not limited to, insult, pain, embarrassment, humiliation, anxiety, mental suffering, injury to his reputation, loss of income, loss of business and income, career damage and diminished future earning capacity, out-of-pocket expenses and costs in a sum to be determined by the trier of fact, but not less than $5,000,000.00.

47.    Plaintiff further alleges on information and belief that, in engaging in the wrongful acts alleged above, Defendants acted in bad faith, in a reckless, knowing, willful, malicious, oppressive and fraudulent manner, and with the intent and purpose of harming Burmeister's reputation, rights and business interests.    By reason thereof, Burmeister is entitled to recover punitive and exemplary against Saldich and Corelight in a sum determined by the trier of fact.

**PRAYER FOR RELIEF**

WHEREFORE, Burmeister respectfully requests the Court to enter Judgment against Saldich and Corelight, jointly and severally, as follows:

A.   General damages and special damages in a sum to be determined by the trier of fact, but not less than $5,000,000.00;

B.   Punitive and exemplary damages in a sum to be determined by the trier of fact;

C.   Prejudgment interest on the principal sum awarded by the trier of fact from January 7, 2021 to the date of Judgment at the legal rate of ten percent (10%) per annum;

D.   Post-judgment interest;

E.   Plaintiff's costs of suit incurred herein; and

F.   Such other relief as is just and proper.

DATED: January 6, 2022    SHIELDS LAW OFFICES

By:  Rick A. Varner
     Jeffrey W. Shields, Esq.
     Rick A. Varner, Esq.
     Counsel for Plaintiff
     Chad Burmeister


     Steven S. Biss, Esq.
     (Application for Admission Pro Hac Vice To Be Filed)
     Counsel for Plaintiff
     Chad Burmeister

1

**TRIAL BY JURY IS DEMANDED**

2

Plaintiff hereby demands trial by jury in the above

3

action.

4

DATED: January 6, 2022    SHIELDS LAW OFFICES

5

6

By:  Rick A. Varner
       Jeffrey W. Shields, Esq.

7

       Rick A. Varner, Esq.
Counsel for Plaintiff

8

Chad Burmeister

9

Steven S. Biss, Esq.

10

(*Application for Admission Pro Hac Vice To Be Filed*)

11

Counsel for Plaintiff
Chad Burmeister

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28